UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:11-CV-1637 (CEJ) |
| EL BORRACHO, LLC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's motion for default judgment against defendants El Borracho, LLC and Loren T. Coy.

I.  **Background**

Plaintiff filed this action to recover damages for defendants' violation of the Communications Act of 1934, as amended, 47 U.S.C. § 605, et seq., and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, et seq.  Plaintiff has also asserted a claim for conversion under Missouri law.  Plaintiff owns the exclusive television distribution rights for a pay-per-view program titled *Ultimate Fighting Championship 109: "Relentless" Randy Couture v. Mark Coleman* ("UFC telecast"), which was broadcast live on March 27, 2010.  Plaintiff alleges that defendants displayed the UFC telecast at their bar, El Borracho, without purchasing the rights to do so.

Defendants El Borracho and Coy were served a summons and copy of the complaint on October 18, 2011 and October 2, 2011, respectively.  Neither defendant has filed an answer or other responsive pleading.  The Clerk of Court entered the

defendants' default on December 23, 2011.

Although named in the caption of the complaint, defendant Coy is not mentioned in the body of the complaint and there are no allegations that indicate a basis for liability as to Coy. In the "parties" section of the complaint, plaintiff refers to Shawn M. Gawyrs as the owner, operator, or person in charge of El Borracho, but Gawyrs is neither listed as a defendant in the caption of the complaint nor has he been served in this action.

In its motion for default judgment, plaintiff requests an award of statutory damages in the amount of $100,000 under 47 U.S.C. § 605(e)(3)(C)(ii) and for costs, including reasonable attorneys' fees, under 47 U.S.C. § 605(e)(3)(C)(iii).

II.     **Legal Standard**

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002). Default judgments are not favored in the law. United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Whether to grant default judgment is a separate question within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). However, while factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district

court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient. Id. at 917).

### III.   Discussion

#### A.   Liability

The Court finds that, accepting the allegations in plaintiff's complaint, plaintiff has established that it is entitled to damages against El Borracho for a willful violation of 47 U.S.C. § 605 for the purpose of commercial gain.  Plaintiff has not requested damages for the alleged violation of 47 U.S.C. § 553 (Count II) or for its state-law conversion claim (Count III). Thus, the Court will treat  Counts II and III as alternate theories for relief for which plaintiff is not entitled to additional damages.  Cf. United States v. Norris, 88 F.3d 462 (7th Cir.1996).

With respect to Coy, however, plaintiff's complaint does not state facts that are sufficient to establish Coy is individually liable for displaying the UFC telecast at El Borracho.  As such, the Court will deny plaintiff's motion for default judgment against Coy and dismiss the  complaint against Coy for failure to state claim under Fed. R. Civ. P. 12(b)(6).  See McCoy v. Carter-Jones Timber Co., 352 Fed.Appx. 119, 121-22  (8th Cir. 2009) ("Though defendant … did not file a motion to dismiss, the district court was within its discretion to sua sponte dismiss claims against her."); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991) ("We now hold that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process").

#### B.   Damages

A claimant entitled to relief under § 605 may elect actual or statutory damages pursuant to § 605(e)(3)(C). Plaintiff has elected statutory damages, which range from a minimum of $1,000 to a maximum of $10,000 "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, enhanced damages of up to $100,000 are permitted, in the discretion of the court, "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

In support of its motion for default judgment, plaintiff has submitted an affidavit by its counsel stating that plaintiff is entitled to statutory damages in the amount of $100,000, plus costs in the amount of $350.  The Court finds that the evidence submitted by plaintiff does not support the amount of damages it requests.  In J & J Sports Productions v. Diaz De Leon, No. 2:11–CV–02051, 2012 WL 79877 (W.D. Ark. 2012), the court, under almost identical circumstances, determined that plaintiff was entitled to statutory damages in the amount of $5,000 and enhanced damages in the amount of $10,000 for the unauthorized broadcast of a UFC telecast at a sports bar. Id. (collecting cases).  The Court agrees with the analysis in J&J Sports and finds nothing in the record to distinguish this action. As such, the Court will award plaintiff statutory damages in the amount of $5,000, enhanced damages in the amount of $10,000 for a willful violation of §605 for the purpose of commercial gain, along with costs and reasonable attorneys' fees as provided for in 47 U.S.C. § 605(e)(3)(C)(iii).

Accordingly,

**IT IS HEREBY ORDERED** that the motion for default judgment against El Borracho, LLC [Doc. #9] is **granted in part**.

**IT IS FURTHER ORDERED** that the motion for default judgment against Loren T. Coy [Doc. #9] is **denied**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2012.